United States District Court
Southern District of Texas
**ENTERED**
March 24, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JUAN GONZALEZ, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:16-CV-201 |
| § | |
| THE HOME DEPOT USA, INC, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Juan Gonzalez, filed this lawsuit on July 29, 2016, alleging he was injured in September 2014 while at a Home Depot store located at 6810 Gulf Freeway, Houston, Texas 77087. Gonzalez asserts claims for premises liability, negligence, and gross negligence.

Gonzalez is a Texas resident. Defendant Home Depot U.S.A., Inc. is a foreign corporation registered under the laws of Delaware, with its principal place of business in Atlanta, Georgia. Home Depot has filed a motion to transfer this case to the United States District Court for the Southern District of Texas, Houston Division. Dkt. 15. Home Depot alleges that transfer of this case is warranted because Houston is a clearly more convenient venue under 28 U.S.C. § 1404(a). Gonzalez is opposed to the transfer.

To support its motion, Home Depot contends that "[t]he Galveston Division has no meaningful ties to this lawsuit," because the store at which Gonzalez alleges he was injured is located in Harris County. Home Depot also alleges that Gonzalez resides in Pasadena, Texas, also located in Harris County. Home Depot points out that Gonzalez's

medical providers, and "the relevant witnesses and Home Depot employees are each closer to the Houston Division than they are to the Galveston Division." Home Depot has provided the Court with a chart, listing each possible witness or medical provider and estimating their distance from the Houston and Galveston courthouses, respectively. Home Depot correctly states that, based on mileage alone, the listed medical providers, the Plaintiff's residence, and the location of the Home Depot store at issue in this lawsuit are all closer to the Houston courthouse than to this Galveston courthouse. Home Depot also points out that a jury wishing to view the store premises will have a shorter distance to travel if it is seated in Houston rather than Galveston.

Gonzalez's response, on the other hand, points out that Home Depot has not made any showing that the witnesses it names in the motion to transfer will actually, or even probably, be called to trial. Nor has Home Depot established the likelihood of a jury needing a field trip to the store when, according to Gonzalez, only a single storage rack of undetermined size caused his injuries.

Neither party has supplemented its briefing during the time that the motion to transfer has been on file. In October 2016, the Court entered a docket control order setting this case for trial in October 2017. Dkt. 14. The parties have assured the Court that discovery has been underway, pursuant to that order. Although the parties recently filed a motion to continue the trial date in this case, that motion is based upon their difficulty in scheduling Gonzalez's deposition due to counsel's own scheduling conflicts. None of the reasons asserted for the continuance relate to the location or "convenience" of the courthouse in which the case is filed.

## STANDARD FOR CONVENIENCE TRANSFERS

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id.*

A threshold question for a district court considering a motion to transfer venue under 28 U.S.C. 1404(a) is whether the suit could have been filed in movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc.*, No. CIV.A. H–13–1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). Here, the alleged injury took place within the Houston Division. Accordingly, the case could have been filed there.

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice" under 28 U.S.C. §1404(a) by weighing a number of private and public interest factors. *In re Volkswagen*

*of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* No one single factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co.*, 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

## ANALYSIS

The Court first considers the private interest factors: relative ease of access to sources of proof; the availability of compulsory process to secure the attendance of witnesses; the cost of attendance for willing witnesses; and all other practical problems that make trial of a case easy, expeditious and inexpensive. As Gonzalez points out, although Home Depot's helpful chart shows relative distances from his medical providers for each courthouse, Home Depot has not shown the likelihood that any of these witnesses may actually be called at trial, or the relevance of their testimony. *Compare, e.g., Grayson v. Wood Group PSN, Inc,* No. 3:15–cv–0035, 2017 WL 914993 (S.D. Tex. March 8, 2017) (listing the names, addresses, job descriptions, and potential relevance at trial of several proposed witnesses, and discussing whether each is within the subpoena

power of the various federal courts). Further, since this is a personal injury case, the medical evidence is expected, in large part, to come in the form of business records. *See, e.g., Barnes v. Romeo Papa, LLC*, No. 3:12–CV–365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013) ("[B]ecause this case is a personal injury action, it is unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof."). The Court also notes that, other than mere distances, there is no evidence about the relative convenience of travel for the witnesses, the cost of transportation, or the disruption of their lives if the case were in Houston versus Galveston. Home Depot simply alleges that, "[t]he closer drive to the Houston Division is entirely more convenient." Given the relatively close distances, and taking judicial notice of the realities of traffic conditions and construction in the greater Galveston/Houston metropolitan area, this is just not enough. Similarly, Home Depot alleges that the "lumber rack" at issue "cannot be reasonably transported," but there is no evidentiary support for this allegation. The Court does not know the size or shape or weight of the rack, and the Court will decline to guess.

Next, the Court considers the public interest concerns, including the administrative difficulties flowing from court congestion, the local interest in having localized interests decided at home, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflict of laws of the application of foreign law. As to these factors, Home Depot argues only that a Houston jury will have more connection to the store at issue than will a Galveston jury. Again, given the facts at issue and taking judicial notice of the geographical span of the Houston and Galveston

Divisions, this is not enough. A jury from the Houston Division will not be drawn solely from Harris County—instead, the Houston Division of the Southern District of Texas summons jurors from a wide geographical area, including Austin, Brazos, Colorado, Fayette, Fort Bend, Grimes, Harris, Madison, Montgomery, San Jacinto, Walker, Waller, and Wharton counties. Home Depot does not present any evidence that transferring this case to Houston would result in a jury with closer ties to the store at issue than a jury summoned by this Court.

After full consideration of the motion, the briefing in response, and the record of this case as a whole, the Court finds that Home Depot has failed to carry its burden of showing that transfer of this case to Houston would be clearly more convenient. Accordingly, Home Depot's motion to transfer venue is **DENIED**.

SIGNED at Galveston, Texas on _March 23_ 2017.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE